IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOHN PATELLA, a sole proprietor doing business as )
"LittleJohn's" and doing business as "Platinum, )
TERRY SMITH KING, a sole proprietor doing )
business as "Roosters," and JONATHAN MAURICE )
BROWN, a sole proprietor doing business as )
"Big Time Barbershop; on behalf of themselves and )
all others similarly situated, )
                                                        Plaintiffs, )
v. )   1:20CV433
PEOPLE'S REPUBLIC OF CHINA; )
THE COMMUNIST PARTY OF CHINA; and )
WUHAN INSTITUTE OF VIROLOGY, )
                                                        Defendants. )

## ORDER

This matter comes before the Court on Plaintiffs' Motion to Authorize Alternative Methods of Service [Doc. #21], pursuant to 28 U.S.C. § 1608 and Federal Rules of Civil Procedure Rule 4. For the reasons set forth below, the Court will require further briefing on issues of service under Rule 4(j) and on issues of subject matter jurisdiction, and will stay the case until the resolution of the appeal in a case raising similar issues, <u>Missouri ex rel. Schmitt v. People's Republic of China</u>, No. 1:20 CV 99 SNLJ, 2022 WL 2643516 (E.D. Mo. July 8, 2022), <u>appeal docketed</u>, No. 22-2495 (8th Cir. July 14, 2022).

## PROCEDURAL HISTORY

Plaintiffs filed the Complaint [Doc. #1] in this matter on May 15, 2020, and thereafter filed a Stipulation of Dismissal voluntarily dismissing Defendants National Health Commission of the People's Republic of China, Ministry of Emergency Management of the

People's Republic of China, Ministry of Civil Affairs of the People's Republic of China, People's Government of Hubei Province, People's Government of City of Wuhan, and Chinese Academy of Sciences. Plaintiffs continued to assert claims against Defendants People's Republic of China, the Communist Party of China, and Wuhan Institute of Virology. The case was stayed repeatedly at Plaintiffs' request to give Plaintiffs time to effect service of process. Plaintiffs now contend that they have attempted to serve Defendants under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention") using the company Crowe Foreign Services, but were not successful. (Plaintiffs' Mem. [Doc. #22] at 1-2; Status Reps. [Docs. #9, 13, 15, 17, 19, 25, 27, and 28]). On May 22, 2022, Plaintiffs filed a motion requesting that the Court authorize alternative methods of service pursuant to 28 U.S.C. § 1608 with respect to Defendant People's Republic of China and pursuant to Rule 4 with respect to Defendants the Communist Party of China and Wuhan Institute of Virology.

DISCUSSION

Two provisions of Federal Rule of Civil Procedure 4 are potentially at issue with regard to the request for service in this case: Rule 4(j) for service on foreign states or instrumentalities, and Rule 4(f), which covers service on individuals and corporations outside the United States. First, Rule 4(j) provides that

> **(j) Serving a Foreign, State, or Local Government.**
> (1) **Foreign State.** A foreign state or its political subdivision, agency, or instrumentality must be served in accordance with 28 U.S.C. § 1608.

The statute referenced there, 28 U.S.C. § 1608, is the service of process provision under the Foreign Sovereign Immunities Act ("FSIA"). The FSIA "spell[s] out, as a matter of federal

law, the suits against foreign sovereigns that American courts do, and do not, have power to decide." Cassirer v. Thyssen-Bornemisza Collection Foundation, 142 S. Ct. 1502, 1508 (2022). For service of process under the FSIA, § 1608 has two relevant sections: section (a) covers service on "a foreign state or political subdivision of a foreign state" and section (b) covers service on "an agency or instrumentality of a foreign state." For service on a foreign state or political subdivision of a foreign state under 28 U.S.C. § 1608(a):

> (a) Service in the courts of the United States and of the States shall be made upon a foreign state or political subdivision of a foreign state:
>
> (1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision; or
>
> (2) if no special arrangement exists, by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents; or
>
> (3) if service cannot be made under paragraphs (1) or (2), by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned, or
>
> (4) if service cannot be made within 30 days under paragraph (3), by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services—and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

28 U.S.C. §1608(a). For service on an agency or instrumentality of a foreign state under § 1608(b):

> (b) Service in the courts of the United States and of the States shall be made upon an agency or instrumentality of a foreign state:
>
> > (1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the agency or instrumentality; or
> >
> > (2) if no special arrangement exists, by delivery of a copy of the summons and complaint either to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process in the United States; or in accordance with an applicable international convention on service of judicial documents; or
> >
> > (3) if service cannot be made under paragraphs (1) or (2), and if reasonably calculated to give actual notice, by delivery of a copy of the summons and complaint, together with a translation of each into the official language of the foreign state—
> > > (A) as directed by an authority of the foreign state or political subdivision in response to a letter rogatory or request or
> > > (B) by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the agency or instrumentality to be served, or
> > > (C) as directed by order of the court consistent with the law of the place where service is to be made.

Finally, for service on a foreign corporation, Rule 4(h)(2) provides that service on a foreign corporation or association outside of the United States may be made "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Rule 4(f) provides for service outside the United States using various options, without any hierarchy or preference:

> **(f) Serving an Individual in a Foreign Country.** Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:

(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

(A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

(B) as the foreign authority directs in response to a letter rogatory or letter of request; or

(C) unless prohibited by the foreign country's law, by:

(i) delivering a copy of the summons and of the complaint to the individual personally; or
(ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

(3) by other means not prohibited by international agreement, as the court orders.

In this case, Plaintiffs acknowledge that service on the People's Republic of China is service on a foreign state governed by 28 U.S.C. § 1608(a). Going through the hierarchy of that section, Plaintiffs state that service under 28 U.S.C. §1608(a)(1) is not available because there is no special arrangement for service between Plaintiffs and the People's Republic of China. Plaintiffs further assert that service under 28 U.S.C. §1608(a)(2), under the applicable international convention, here the Hague Convention, was attempted and unsuccessful.[1]

---

[1] Both the United States and the People's Republic of China are signatories to the Hague Convention. Notably, Article 13 of the Hague Convention permits a country to "refuse to comply" with a request for service "if it deems that compliance would infringe its sovereignty or security." Hague Convention art. 13. Here, Plaintiffs assert that on February 28, 2022, the designated Central Authority for the People's Republic of China rejected Plaintiffs' request for service of process under Article 13 of the Hague Convention noting that the reason for

Plaintiffs also contend that service under 28 U.S.C. §1608(a)(3) by mail with a signed receipt dispatched by the clerk of court is not available.[2] Plaintiffs therefore request authority to serve the People's Republic of China through diplomatic channels under 28 U.S.C. § 1608(a)(4). Plaintiffs contend that they are "left with service by way of subsection (a)(4) because no special arrangement exists (subsection (a)(1)), service by way of the Hague Convention has proven futile (subsection (a)(2)), and the United States Department of State advises that if the foreign state formally objected to service by mail, then service under Section 1608(a)(3) should not be attempted, and the plaintiff should proceed to service under Section 1608(a)(4)." (Plaintiffs' Mem. [Doc. #22] at 9) (internal quotations omitted.) Plaintiffs also note that the United States Department of State recently amended its technical procedures to require plaintiffs to file with the court a formal letter requesting permission for service through diplomatic channels and a proposed order. (Status Rep. [Doc. #25] at 2.) Therefore, Plaintiffs have filed such a letter and are requesting such an order here as to the People's Republic of China.

As to the other Defendants, Plaintiffs contend that the Communist Party of China and Wuhan Institute of Virology are not subject to service of process through the United States Department of State under 28 U.S.C. § 1608(a) because neither entity is a foreign state or a political subdivision of a foreign state (Mot. [Doc. #21] ¶8). Plaintiffs request authority to serve the Communist Party of China and Wuhan Institute of Virology pursuant to Rule 4(f)(3)

---

rejection was because "[t]he execution of the request would infringe the sovereignty or security of the People's Republic of China." (Mot. [Doc. #21] ¶6, Status Rep. [Doc. #19-1).

[2] Plaintiffs state that under Article 10(a) of the Hague Convention, service by mail is prohibited if a signatory country has objected to service by mail, and the People's Republic of China has objected to service by mail. Plaintiffs further note that if the foreign state formally objected to service by mail, then relevant guidance provides that service under Section 1608(a)(3) should not be attempted.

6

by electronic mail at the email addresses identified on these Defendants' respective websites. However, in considering this request, that Court notes that there may be an issue with regard to whether the Communist Party of China and Wuhan Institute of Virology would be considered either a foreign state or political subdivision of a foreign state under § 1608(a), or an agency or instrumentality of a foreign state under § 1608(b), requiring service under those provisions pursuant to Rule 4(j). In the various filings, Plaintiffs sometimes contend that the Communist Party of China is not a foreign state under § 1608(a) [Doc. #21 at 3], but sometimes refer to the Communist Party of China as being identified under § 1608(a) [Doc. #19 at 3]. Plaintiffs' Declaration from Crowe Foreign Services identifies the Communist Party of China as being within § 1608(a) [Doc. #19-2 at 4], and also identifies the Communist Party of China and Wuhan Institute of Virology as "either a foreign state or an instrumentality of the foreign state of the People's Republic of China" [Doc #19-2 at 1; #25-1 at 1]. Thus, Plaintiffs' assertions are not consistent and Plaintiffs have not fully addressed the application of Rule 4(j) with respect to the Communist Party of China and the Wuhan Institute of Virology. See, e.g., Hawkeye Gold, L.L.C. v. China Nat'l Materials Indus. Import and Export Corp. d/b/a Sinoma, 2019 WL 13043582 (S.D. Iowa Oct. 15, 2019) ("[B]ecause Sinoma is an agency or instrumentality of a foreign state, the applicable provision of Rule 4 is subsection (j)(1), which requires service 'in accordance with 28 U.S.C. § 1608,' FED. R. CIV. P. 4(j)(1), not Rule 4(f), which applies to service on an individual in a foreign country. Consequently, Hawkeye Gold's arguments concerning application of Rule 4(f)—including alternatives to service under the Hague Service Convention on an individual or corporation in a foreign country that may be permissible under Rule 4(f)—are irrelevant, here, for service on an 'agency

or instrumentality of a foreign state.' Any alternative to service under the Hague Service Convention that is permissible, here, must be 'in accordance with 28 U.S.C. § 1608.' FED. R. CIV. P. 4(j)(1).'").

Moreover, in requesting authorization for service by email under Rule 4(f)(3), Plaintiffs rely primarily on a decision from the Eastern District of Missouri, <u>Missouri ex rel. Schmitt v. People's Republic of China</u>, No. 1:20 CV 99 SNLJ, 2021 WL 1889857 (E.D. Mo. May 11, 2021), authorizing alternative service by email as to the Communist Party of China and Wuhan Institute of Virology. (Pl. Mem. [Doc. #22] at 8; Exhibit [Doc. #24].) However, that court subsequently considered the issue further, and concluded that the Communist Party of China "is a foreign state or the equivalent of one, and thus can be sued only under the FSIA." <u>Missouri ex rel. Schmitt v. People's Republic of China</u>, No. 1:20 CV 99 SNLJ, 2022 WL 2643516 (E.D. Mo. July 8, 2022), <u>appeal docketed</u>, No. 22-2495 (8th Cir. July 14, 2022). That court similarly found that the Wuhan Institute of Virology was a political subdivision of a foreign state, and even if not a political subdivision was at least an agent or instrumentality of a foreign state. <u>Id.</u> at *10; <u>see also</u> <u>Photos v. People's Republic of China</u>, No. 3:20-cv-656-K-BN, 2020 WL 6889016 at *4-5 (concluding that the Wuhan Institute of Virology must be served under § 1608(a)). Therefore, Plaintiffs would need to brief those issues in this case, including whether service on these entities would be covered by Rule 4(j) and § 1608(a) or (b) rather than Rule 4(f).

However, the decision in the Eastern District of Missouri raises an additional issue that would also need to be addressed, regarding immunity under the FSIA and the impact on this Court's subject matter jurisdiction. The FSIA "if it applies, is the sole basis for obtaining

8

jurisdiction over a foreign state in federal court." Samantar v. Yousuf, 560 U.S. 305, 314 (2010) (internal quotations omitted). "For the most part, the [FSIA] codifies, as a matter of federal law, the restrictive theory of sovereign immunity. A foreign state is normally immune from the jurisdiction of federal and state courts, 28 U.S.C. § 1604, subject to a set of exceptions specified in §§ 1605 and 1607." Verlinden B.V. v. Central Bank of Nigeria, 461 U.S. 480, 488 (1983). This is further reflected in 28 U.S.C. § 1330, which provides that:

> (a) The district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603(a) of this title as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity either under sections 1605-1607 of this title or under any applicable international agreement.
>
> (b) Personal jurisdiction over a foreign state shall exist as to every claim for relief over which the district courts have jurisdiction under subsection (a) where service has been made under section 1608 of this title.

"Thus, if a defendant is a 'foreign state' within the meaning of the Act, then the defendant is immune from jurisdiction unless one of the exceptions in the Act applies." Samantar, 560 U.S. at 313-14. A "foreign state" for purposes of that immunity includes both "a political subdivision of a foreign state or an agency or instrumentality of a foreign state." 28 U.S.C. § 1603.[3]

In the Complaint, Plaintiffs acknowledge that the FSIA applies to the People's Republic of China, but contends that the case can still proceed under the commercial activity exception in 28 U.S.C. § 1605(a)(2) or the non-commercial tort exception in 28 U.S.C. § 1605(a)(5). However, the Schmitt case in the Eastern District of Missouri raised almost

---

[3] As noted above, § 1608 provides separate service provisions for foreign states/political subdivisions under subsection (a) and agencies or instrumentalities of a foreign state under subsection (b), but all of those entities are included within FSIA immunity.

9

identical claims, and in that case the court held that the People's Republic of China, the Communist Party of China, and the Wuhan Institute of Virology were all entitled to sovereign immunity under the FSIA and that neither the commercial activity exception nor the non-commercial tort exception applied. Missouri ex rel. Schmitt v. People's Republic of China, No. 1:20 CV 99 SNLJ, 2022 WL 2643516 (E.D. Mo. July 8, 2022); see also Eisenberg v. People's Republic of China Through Wang, No. 22-cv-10194-IT, 2022 WL 1591541, at *5 (D. Mass. May 19, 2022). Therefore, the Court in Schmitt dismissed the complaint in its entirely for lack of subject matter jurisdiction. See Missouri ex rel. Schmitt v. People's Republic of China, No. 1:20 CV 99 SNLJ, 2022 WL 2643516 (E.D. Mo. July 8, 2022). The dismissal for lack of subject matter was appealed and the case is currently pending before the United States Court of Appeals for the Eighth Circuit. See Missouri, ex rel. Schmitt v. The Peoples Republic of China, No. 22-2495 (8th Cir. filed July 14, 2022). Both the instant case and Schmitt have nearly identical claims and defendants, and both rely on the same exceptions to foreign state immunity under the FSIA to establish subject matter jurisdiction. See Complaint, [Doc. #1], Missouri ex rel. Schmitt v. People's Republic of China, No. 1:20 CV 99 SNLJ, 2022 WL 2643516 (E.D. Mo. July 8, 2022).

  This Court has an obligation to raise issues of subject matter jurisdiction *sua sponte*, and where the FSIA is implicated, "subject matter jurisdiction in any such action depends on the existence of one of the specified exceptions to foreign sovereign immunity." Verlinden, 461 U.S. at 493. "At the threshold of every action in a District Court against a foreign state, therefore, the court must satisfy itself that one of the exceptions applies—and in doing so it must apply the detailed federal law standards set forth in the Act." Id. at 493-94. Therefore,

the Court would intend to direct Plaintiffs to further brief the applicability of the FSIA to the Communist Party of China and the Wuhan Institute of Virology, as well as the applicability of the FSIA exceptions as to all Defendants, in light of the case law noted above. However, because the decision in <u>Schmitt</u> is currently on appeal, and because the decision of the Eighth Circuit will likely provide helpful, albeit not binding, guidance, the Court will stay this case pending the decision of the Eighth Circuit, and will direct Plaintiffs to file any renewed request with briefing addressing the service issues and subject matter jurisdiction issues noted herein, within 30 days after any decision in <u>Missouri, ex rel. Schmitt v. The Peoples Republic of China</u>, No. 22-2495 (8th Cir. filed July 14, 2022).

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Authorize Alternative Methods of Service [Doc. #21] is DENIED without prejudice in light of the need for further briefing of the issues noted herein.

IT IS FURTHER ORDERED that this case is STAYED, and Plaintiffs shall file a Status Report and any renewed request regarding service within 30 days of the final decision of the United States Court of Appeals for the Eighth Circuit in <u>The State of Missouri, ex rel. Schmitt v. The Peoples Republic of China</u>, No. 22-2495 (8th Cir. filed July 14, 2022), and any such renewed request must further address the issues of service and subject matter jurisdiction noted herein.

This the 17th day of March, 2023.

                                                                                               /s/ Joi Elizabeth Peake
                                                                                             United States Magistrate Judge

11

Case 1:20-cv-00433-TDS-JEP    Document 29    Filed 03/17/23    Page 11 of 11