IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JOHN PATELLA, a sole proprietor doing business as "LittleJohn's" and doing business as "Platinum;" TERRY SMITH KING, a sole proprietor doing business as "Roosters;" and JONATHAN MAURICE BROWN, a sole proprietor doing business as "Big Time Barbershop; on behalf of themselves and all others similarly situated,<br><br>                                    Plaintiffs,<br><br>vs.<br><br>PEOPLE'S REPUBLIC OF CHINA; THE COMMUNIST PARTY OF CHINA; and WUHAN INSTITUTE OF VIROLOGY,<br><br>                                    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 1:20-cv-433 |

## **STATUS REPORT**

COME NOW PLAINTIFFS, by and through their Undersigned Attorney of Record, pursuant to the Order entered in this cause by the Honorable Joi Elizabeth Peake, United States Magistrate Presiding, directing that Plaintiffs prepare and submit a status report herein upon the conclusion of subsequent proceedings in the case of *State of Missouri, ex rel. Bailey v. The People's Republic of China* (Eastern District of Missouri; 1:20-CV-00099 SNLJ).

1. Plaintiffs have obtained a complete and accurate translation into simplified Chinese of all documents required for service upon Defendants under The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters.

2. Plaintiffs submit to the Court that clearing this translation hurdle was a long and arduous task. Without edits or modifications, the transcription alone cost over $3,500.00, somewhat more than was originally projected. However, cost alone was not the most serious obstacle to complying with the terms of The Hague Convention. It proved to be difficult to find

Page 1 of 9

an individual who was qualified to translate the documents required for effective service into simplified Chinese and who was also willing to sign a verification attesting to the accuracy of the translation. Plaintiffs' attorneys contacted numerous professionals, such as doctors, lawyers, and university professors, all of whom had the knowledge and ability to perform the required translation. However, none of these professionals were willing to do so because they stated that they had families in China and that they were afraid because of the likelihood of reprisals and repercussions for their family members who still lived in China if they were to perform the translation and sign their name to the verification. Plaintiffs sought assistance from Wake Forest University, other institutions of higher education, medical centers, and the business community.

3. Ultimately, a qualified translator was located in Taiwan who was willing to perform the translation and to execute the necessary verification. The translator employed by Plaintiffs has put themselves, as well as their family, at serious risk for retaliation if China's aggressive conduct toward Taiwan culminates in seizing the island by force. China has consistently demonstrated that families of diplomats, businessmen, and students who are living abroad will be held accountable for the conduct and speech of such individuals. Through public pronouncements, diplomatic communications, and aggressive conduct toward other countries, China has demonstrated that it considers itself the sole arbiter of what its responsibilities as a country entail. China has made it abundantly clear that it does not and will not conform to international norms of conduct whether they pertain to the use of force, recognition of the sovereignty of other states, or customary commercial behavior. International law, as embodied in The Hague Convention and other recognized treaties and precedents, has established a comprehensive body of expectations and requirements concerning the behavior of a countries in their relationships with other countries. China has elected to ignore the tenets of The Hague

Convention, as well as those of numerous other agreements, in a well-coordinated and comprehensive effort to shield itself from being held accountable for its conduct on the international stage. For example, while Taiwan has existed as a sovereign and self-governing entity since 1949, China has engages in a continued pattern of commercial and military harassment designed to gain control over the island and its people by the deliberate application of diplomatic, economic, and military force without regard to the expressed desire of the Taiwanese people that they live in peace and harmony as an independent state.

4. China has consciously and purposefully arrogated unto itself the authority to deny and ignore the customary dictates of international law, including the fundamental expectation that sovereign states will cooperate and that disputes will be resolved by negotiation and resort to established institutions of adjudication. China's consistent response to the multitude of claims and questions concerning the origins of COVID-19 has been to deflect questions and to mislead scientific inquiries conducted by respected and neutral organizations.

5. Plaintiffs have retained the services of Crowe Foreign Services of Portland, Oregon, for the purpose of effecting service of process upon Defendants Communist Party of China and Wuhan Institute of Virology in accordance with the provisions of The Hague Convention and the requirements of Title 28 of the United States Code. Crowe Foreign Services has substantial experience in serving legal documents in multiple foreign countries, including the People's Republic of China. Crowe Foreign Services is presently ready, willing, and able to effect proper service of process upon Defendants Communist Party of China and Wuhan Institute of Virology in accord with the Hague Convention and Title 28 of the United States Code through electronic mail directed at publicly available electronic addresses for the two Defendants upon entry of an

Order from this court authorizing alternative service of process through electronic mail using publicly available and valid email addresses used by such Defendants.

6. As of the filing date of this motion, Plaintiffs have spent the following amounts in order to comply with the Hague Convention and serve the Defendants, including the Peoples Republic of China:

| | | |
|---|---|---|
| A. | Translation: | $3,500.00 |
| B. | Service (Crowe): | $2,500.00 |
| C. | State Dept: | $2,725.00 |
| | Total: | $8,725.00 |

7. The foregoing issues regarding obtaining a translation of the Complaint, and of effecting service of process with reasonable dispatch and without delay, would not have arisen if the Defendants were any other Hague Convention signatory or nation. In particular, Plaintiffs are informed that the People's Republic of China, its agencies, and the Chinese Communist Party are engaging in a systematic and ongoing effort to evade and obstructively shield themselves and the Co-Defendants, from service of process in accordance with The Hague Convention in order to prevent the adjudication and consideration of lawful remedies on behalf of those who have alleged damages.

8. Crowe Foreign Services, which has considerable experience in effecting service under the Hague Convention, attempted to serve all three defendants in a manner consistent with the Hague Convention, but all three defendants refused to accept service without explanation or justification of any kind. Plaintiffs state, upon information and belief, that Defendants are in actual possession of all translated documents, including the summons and Complaint. Attached hereto

and incorporated by reference herein as Exhibit A is a true and accurate copy of the Notice of Rejection Defendants transmitted to Crowe Foreign Services.

9. The United States District Court for the Eastern District of Missouri has previously entered an order granting the relief which Plaintiffs seek herein, and such court ultimately entered a default judgment against Defendants after having authorized alternative service of process through electronic mail using publicly available and valid email addresses used by Defendants Communist Party of China and Wuhan Institute of Virology, as well as diplomatic service upon the Peoples Republic of China through the Department of State. *State of Missouri, ex rel. Bailey v. The People's Republic of China* (Eastern District of Missouri; 1:20-CV-00099 SNLJ).

10. In addition to diplomatic channels for service of process under the Hague Convention and through the United States Department of State rules and regulations, Plaintiffs have attempted to effect service of process to the Defendants through publication of a notice in a newspaper in general circulation throughout the People's Republic of China. Plaintiffs have drafted an effective Notice of Service of Process by Publication to be published for four weeks consecutively, as would be sufficient under the provisions of Rule 4 of the Federal Rules of Civil Procedure authorizing service of process under the law of the state in which the district court sits.

11. Since August 8, 2022, Plaintiffs have regularly attempted to contact six Chinese-language newspapers and circulatory journals through their Website and email address. All but two have ignored the Plaintiffs' communications, despite repeated email messages to their internet protocol and web address. Two have responded via email address to the Plaintiffs and have declined publication of any Notice of Service of Process by Publication. Attached hereto and incorporated by reference as Exhibit B is a true and accurate copy of the list of the newspapers that Plaintiff has repeatedly attempted to contact via email in China.

12. Of the two Chinese newspapers that have responded to Plaintiff's emails, they are generally known as *The China Daily* and *The Quishi Journal* and are published in both Simplified Chinese and English for redistribution and circulation. Both have refused publication of Plaintiffs' proposed Notice of Service of Process by Publication. In fact, the head of advertising at *China Daily* declined publication of the Plaintiffs' Notice upon reading it, stating that the content was unacceptable. Attached hereto and incorporated by reference herein as Exhibit C is an Affidavit of Kevin Sebastian, a Law Clerk at James Barrett Wilson & Associates, detailing communications between its Law Clerk and *The China Daily*.

13. Plaintiffs' attempts at communication with the six Chinese daily newspapers, in addition to *The China Daily*, are thorough, well documented, and frequently repeated. So far, none has agreed to publish a Notice of Service of Process by Publication against the Defendants, but efforts by the Plaintiffs are ongoing to communicate and publish their legal notice. Attached hereto and incorporated by reference herein as Exhibit D is an Affidavit of Cameron Michael Bray, Law Clerk for James Barrett Wilson & Associates, providing a summary of these efforts.

14. Plaintiffs have filed a formal letter, together with a proposed order, with this court requesting that they be allowed to serve Defendant People's Republic of China through diplomatic channels. Heretofore, such a letter and order were not required by the United States Department of State, but the Department has now amended its technical procedures to require the filing of such a letter with the Court and the entry of an Order granting a request for service of process through diplomatic channels. Attached hereto and incorporated by reference herein as Exhibit E are true and accurate copies of 22 C.F.R. §§ 93.1 and 93.2 establishing the basis for Plaintiffs' requests in light of present Department of State practice.

15. Plaintiffs have also filed a motion to authorize alternative means of service, together with a memorandum of authority and a supplemental filing, with regard to service upon Defendants Communist Party of China and the Wuhan Institute of Virology. That motion is pending before this court. The supplemental filing arises from the case of *Missouri ex. rel Schmitt v. People's Republic of China,* 2021 WL 1889857 (E.D. Mo. 2021), wherein the plaintiff was allowed to effect service upon the Chinese Communist Party and the Wuhan Institute of Virology by email transmission to publicly available and published email addresses.

16. Because the provisions of Rule 4 (f) and (h) are flexible in providing for service upon entities not within a judicial district of the United States, Plaintiffs have been actively pursuing efforts to obtain service of process by publication in Chinese newspapers with regard to the Chinese Communist Party and the Wuhan Institute of Virology. Neither Defendant is amenable to service of process through diplomatic channels, and prior attempts at service under The Hague Convention have been rebuffed. As of the date of this status report, Plaintiffs have made numerous attempts to contact six different newspapers in Beijing and the City of Wuhan. See Exhibits "C" and "D" for a summary of these attempts. Plaintiffs have so far been unable to secure the assistance of any newspaper in general circulation in China, and which is reasonably likely to give actual notice of the pendency of this action in order to attempt to serve such Defendants by publication.

17. The United States District Court for the Eastern District of Missouri has previously entered an order granting the relief which Plaintiffs seek herein, and such court ultimately entered a default judgment against the People's Republic of China. *State of Missouri, ex rel. Bailey v. The People's Republic of China* (Eastern District of Missouri; 1:20-CV-00099 SNLJ). A copy of such judgment and memorandum opinion is attached hereto and incorporated by reference herein as

Exhibit F. A copy of the transcript of the trial is attached hereto and incorporated by reference herein as Exhibit G.

18.     In light of the foregoing, Plaintiffs submit that it is reasonable to allow these two non-state actors to be served by email in the manner prescribed by *Missouri ex. rel Schmitt v. People's Republic of China, supra,* as well as to allow service upon the People's Republic of China through diplomatic means. Plaintiffs submit that the Defendants have purposefully made service of process under the Hague Convention more difficult than it would be with other lawful Convention nations. The Defendants refused to accept service when Crowe Foreign Services attempted to serve them. See Exhibit "A" for proof of this refusal. In addition to diplomatic channels, Plaintiffs have attempted service by publication in Chinese newspapers in general circulation, but such attempts have been unsuccessful. See Exhibits "C" and "D." Upon information and belief, the Defendants have caused these newspapers to deny negotiation with the Plaintiffs. It appears that the willful avoidance of service and protracted delays are an apparent litigation strategy by the Defendants.

19.     Plaintiffs further submit that Defendants have not been prejudiced in any manner by the delay which Plaintiffs have experienced. In fact, the delay is caused solely by the Defendants' efforts to avoid service in an attempt to thwart or evade the adjudication and consideration of lawful remedies. The Defendants have no duty to accept service, but they have that ability and could easily do so. Further, it is the Plaintiffs who have been prejudiced and at great cost.

20. Plaintiffs intend to fully comply with The Hague Convention rules, Title 28 of the United States Code, and the directives of this Court.

21. All documents referred to and incorporated in this Status Report have been filed electronically with the Court.

22. On or before September 22, 2025, Plaintiffs intend to file Amended and Restated Motions for Service through Diplomatic Channels and for Service Through Alternative Means of Service, together with a supporting Memorandum specifically addressing issues raised in the Magistrate Judge's Memorandum and Order.

Respectfully submitted, this 22ND day of October 2025.

/S/ JAMES BARRETT WILSON, JR.
_____
JAMES BARRETT WILSON, JR.
NC State Bar 18752
411 Waughtown Street
Winston-Salem, NC 27127
Phone: 336-773-0059
Fax: 336-773-0061
Email: james@jbwilsonlaw.com
*Attorney for Plaintiffs*